IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15-cv-00155-FDW

| | |
|---|---|
| WALTER BRUCE BRACEWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | **ORDER** |
| HENDERSON COUNTY JAIL; ) | |
| HENDERSON COUNTY JAIL ) | |
| MAIL ROOM; HENDERSON COUNTY ) | |
| JAIL KITCHEN STAFF, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's *pro se* complaint which he filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1). For the reasons that follow, Plaintiff's complaint will be dismissed.

I. BACKGROUND

Plaintiff is presently a pretrial detainee and he is being held in the Henderson County Detention Center within this District. In his complaint, Plaintiff argues that he should be entitled to relief in this § 1983 proceeding because the Defendant Kitchen Staff did not deliver his meals to him on several occasions and consequently, he was unable to properly observe Ramadan. Plaintiff also complains that one piece of his mail was opened outside of his presence.

II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or

1

dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

III. DISCUSSION

After examining Plaintiff's complaint, it is clear that he has failed to identify any individuals by name that may have been responsible for his meal delivery or for opening his mail outside of his presence. It is well-settled that § 1983 claims must be directed at "persons" and entities such as the Henderson County Jail and the Henderson County Jail Mail Room are not persons subject to suit under § 1983. See Preval v. Reno, 203 F.3d 821 (2000) (unpublished table decision) (affirming dismissal of § 1983 complaint against the Piedmont Regional Jail) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)). Moreover, even if Plaintiff had identified an individual employee as the one that opened his mail, an isolated incident of opened mail, as here, cannot support a finding, or a reasonable inference for that matter, that Plaintiff's constitutional rights were violated. See Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990) (rejecting claim of opened mail by prison officials where the alleged violation does not inhibit access to counsel or the courts).

Finally, Plaintiff fails to identify any member of the Kitchen Staff by name or even allege

2

that members of the staff are actually employees that would be amenable to suit in this § 1983 proceeding.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted and his complaint will be dismissed. 28 U.S.C. § 1915A(b)(1).

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: August 3, 2015

Frank D. Whitney
Chief United States District Judge